## GINSBERG v. RAILWAY EXPRESS AGENCY, Inc., et al.

District Court, S. D. New York.

Jan. 8, 1945.

See also 6 F.R.D. 371.

Irving I. Erdheim, of New York City, for plaintiff.

Saypol & Kotler, Charles C. Evans, Willis B. Rice, and Mock & Blum, all of New York City, for defendant Railway Express Agency, Inc.

HULBERT, District Judge.

The gravamen of the defendant's challenge to the sufficiency of the complaint turns upon the interpretation of the context of the Tenth paragraph.

This is a patent suit. The Eighth paragraph charges infringement by the defendant Ernest Fried and Rose Katzowitz, and the Ninth paragraph charges infringement by the defendant McKettrick-Williams, Inc., of the plaintiff's patent. Paragraph Tenth, in part, alleges:

"That the defendant Railway Express Agency Incorporated, *together with the other defendants herein, singly* and in concert * * * *have* aided, abetted, infringed and contributed to the infringement and still *are* infringing upon said Letters Patent and upon the claims thereof, by using and causing to be used, manufactured, and causing to be manufactured, selling and causing to be sold * * * merchandise shipping containers, constituting an infringement of the aforesaid Letters Patent, with knowledge of said Letters Patent, and with intent to infringe the same * * * and the defendants so continue and threaten to so continue the said infringements and contributory infringements of said Letters Patent, unless enjoined by this court." (Italics mine)

It is the contention of the defendant Railway Express that by reason of the use of the verb "Have" (and the verb "are," presumably) the defendant Railway Express does not know whether it is charged alone with any infringement. It seems quite clear from the language used that it is charged "singly and in concert" with the other defendants. It would certainly be less grammatical, and would not make the complaint any more definite and certain, to allege "has and have" and "is and are."

There does not appear to be any reason why the defendant Railway Express cannot deny, if such be the fact, that it is

infringing singly and in concert and threatens to continue said infringements and contributory infringements. It can then get such particulars as it may be entitled to by proceeding under Rule 26 et seq., or Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Motion denied. Submit order.

